Julio E. RUIZ TROCHE, et al., Plaintiffs

v.

PEPSI COLA OF PUERTO RICO BOTTLING COMPANY, et al., Defendants.

Jose D. Rivera Concepcion, et al., Plaintiffs,

v.

Pepsi Cola of Puerto Rico Bottling Company, et al., Defendants

Manuela Vazquez Ortiz, et al., Plaintiffs,

v.

Pepsi Cola of Puerto Rico Bottling Company, et al., Defendants.

Nos. CIV. 93–2329(RLA), CIV. 93–2331(RLA), CIV. 93–2332(RLA).

United States District Court, D. Puerto Rico.

Feb. 8, 2002.

Jorge Carazo Quetglas, Toledo Toledo & Carazo–Quetglas, San Juan, PR, José F. Quetglas Alvarez, José F. Quetglas Jordán, Eric M. Quetglas Jordán, San Juan, PR, Cherie K. Durand, Paul H. Hulsey, Theodore H. Huge, Ness, Motley, Loadholt, Richardson & Poole, Mount Pleasant, SC, for Plaintiffs.

Francisco E. Colón–Ramírez, Colon, Colon & Martinez, San Juan, PR, for Cigna Insurance Company of Puerto Rico, defendant.

Harold A. Vicente, Vicente & Cuebas, San Juan, PR, Stephen A. Cozen, Cozen and O'Connor, Philadelphia, PA, for Pepsi Cola of Puerto Rico Bottling Co., Vehicle Equipment Leasing Company, Inc., Bansander Leasing Corporation, Juan Hernandez Nazario, Cooperativa Los Vaqueros De Transporte Y Carga, defendants.

### *ORDER IN THE MATTER OF DEFENDANTS' MOTION FOR SET–OFF OF THE JUDGMENT IN CIVIL NO. 93–2329(RLA)*

ACOSTA, District Judge.

The Court has before it defendants' request to amend/mold and set-off the judgment in Civil No. 93–2329(RLA) on account of plaintiffs Julio Ruiz Troche's and Leysiee Cintrón's alleged "unconditional and irrevocable acceptance of the liabilities of the estate of their son Julio Elvin Ruiz Cintrón."

#### Grandson Elvin Ruiz Rivera's Claim

■ Defendants argue that because the order of death determines the line of inheritance in this action, the minor ELVIN RUIZ RIVERA (ELVIN) is assumed to have perished before his parents, in accordance with the presumptions established by the Puerto Rico Rules of Evidence. Specifically, under Rule 16.39 of such rules, it is presumed that the minor Elvin Ruiz Rivera died before his father, JULIO ELVIN RUIZ (JULIO), and his mother YOLANDA RIVERA (YOLANDA).

Because the order of death determines the line of succession, and an estate is established at the moment of a person's demise, ELVIN's estate was established before the death of his parents. 31 P.R. Laws Ann., Tit 31 § 2085 (1993). Furthermore, since he was a child without any descendants, ELVIN's legal heirs were his parents JULIO and YOLANDA. 31 P.R. Laws Ann., Tit. 31 § 2651 (1993). Both JULIO and YOLANDA also perished in the collision, at which time their own individual estates were created by operation of law. JULIO and YOLANDA both left a sole surviving descendant, their daughter SHAKIRA, ELVIN'S sister, who in turn became the sole heir to her father's and mother's estates. 31 P.R. Laws Ann., Tit. 31 § 2641 (1993).

**Shakira as Heir of Her Parents' Estate**

■ In Puerto Rico, actionable claims for fear of imminent death resulting from tortious conduct are passed on to a decedent's legal heirs along with the remainder of the estate. Thus, SHAKIRA inherited her parents' cause of action for mental anguish prior to their deaths. P.R. Laws Ann., Tit. 31, §§ 5141, 2081 and 2641 (1993); *Viuda de Delgado v. Boston Ins. Co.*, 101 D.P.R. 598 (1973).

Furthermore, in accordance with the legal presumption that ELVIN died before his parents, his cause of action for fear of imminent death was inherited in equal parts (50% each) by his mother YOLANDA and his father JULIO and was therefore passed on to SHAKIRA through their respective estates.

**Yolanda's Estate**

SHAKIRA pursued her mother YOLANDA's claim of fear of imminent death[1] up to the time of the close of plaintiff's evidence, at which time her attorneys informed the Court that they were "withdrawing their claim for the fear of death on behalf of Yolanda." *See* Trial transcript (T.Tr), docket No. 658 at 464.

**Julio's Estate**

Since the onset of the case SHAKIRA declined to inherit her father's estate. *See* Motion for Dismissal... [of counterclaims] (docket No. 142, filed on July 14, 1995), and Order in the Matter of Counterclaims... (docket No. 187, filed on December 20, 1996). The assets in this estate included not only her father's cause of action for his fear of imminent death, but also fifty percent (50%) of ELVIN's claim. By failing to pursue her father JULIO's estate, SHAKIRA also abandoned her right to JULIO's 50% share of ELVIN's cause of action.

According to the Puerto Rico Civil Code, the heirs next in line to JULIO's estate after SHAKIRA were JULIO's parents, JULIO RUIZ TROCHE (RUIZ TROCHE) and LEYSIEE CINTRON GALARZA (CINTRON GALARZA). P.R. Laws Ann., Tit. 31 § 2651 (1993). However, unlike SHAKIRA, RUIZ TROCHE and CINTRON GALARZA actively prosecuted ELVIN's cause of action for fear of imminent death.

Defendants argue that they exercised this claim with SHAKIRA's knowledge and approval. *See* Opposition to Defendants' Motion in Limine to Preclude Plaintiffs from Seeking Damages for Pain and Suffering Through Inherited Claims, at 2–3. (docket No. 617, filed on August 11, 2000).

Therefore, defendants contend, by exercising ELVIN's claim, an "asset" of their son JULIO's estate, RUIZ TROCHE and

---

1. Which claim included by way of the legal presumption 50% of ELVIN's estate and claim for fear of imminent death.

CINTRON GALARZA tacitly accepted their son JULIO's estate, P.R. Laws Ann., Tit. 31 § 2771 (1993); *Vidal v. Monagas,* 66 D.P.R. 622, 641 (1946); *Rivera Rivera v. Monge Rivera,* 117 D.P.R. 464 (1986); and thus became liable in the same manner as their son JULIO would have been if he were still alive. P.R. Laws Ann., Tit. 31 § 2785 (1993).

### Ruiz Troche and Cintrón Galarza's Inheritance

■ Notwithstanding defendants' legal arguments regarding the tacit acceptance of an inheritance, RUIZ TROCHE and CINTRON GALARZA argue that they could not have *accepted* JULIO's inheritance, tacitly or otherwise, because SHAKIRA never repudiated it in the manner required by the Civil Code of Puerto Rico. Plaintiffs assert that the law requires that a tutor representing a minor must obtain judicial authorization before accepting an inheritance without the benefit of inventory, or even to *reject* an inheritance. P.R. Laws Ann., Tit. 31 § 786(10), § 2775 (1993).

Plaintiffs further contend that even though SHAKIRA asserted no claims in the complaint as an heir of her father, and even though she may have, in fact, acknowledged before this Court that she did not desire to accept her father's inheritance, these actions hold no legal weight, because "[a] repudiation made tacitly or through informal manifestations does not have any value". José Luis Lacruz Berdejo et al., *Derecho de Sucesiones,* § 17 at 82, (José María Bosch ed., 1993)(translation ours). Therefore, they add, formal rejection of the inheritance, as required by the Civil Code, never occurred, as she, nor anyone on her behalf, presented a writing or public instrument before a Court having

jurisdiction in testamentary or intestate proceedings. P.R. Laws Ann., Tit. 31 § 2790 (1993).

We have carefully considered the arguments of counsel, as well as applicable caselaw, statutes and treatises, and we find RUIZ TROCHE's and CINTRON GALARZA's position correct. As emphasized by Spanish commentators on this issue, "[t]he repudiation of an inheritance presupposes an *express and formal* declaration rejecting the inheritance". José Luis Lacruz Berdejo et al., *Derecho de Sucesiones,* § 14 at 71 (translation ours)(emphasis added). This express and formal repudiation becomes all the more important in a case such as this where a minor is involved because, in order for a tutor to repudiate an inheritance on behalf of a minor, judicial authorization must first be obtained. P.R. Laws Ann., Tit 31 § 786(10)(1993).

In this instance, the judicial authorization had to have been sought from the only competent court with jurisdiction over probate proceedings, namely, the Superior Court of the Commonwealth of Puerto Rico, not this federal court.

In other words, the fact that SHAKIRA's refusal to exercise her right to her father's estate occurred in a federal proceeding did not elevate it to a "judicial authorization", because it was not done in accordance with the requirements of state law. Consequently, there was no "formal" declaration rejecting the inheritance.

### Conclusion

Accordingly, Defendant's Motion to Amend/Mold and for Set-off of the Judgment in Civil No. 93–2329(RLA) (docket No. 671) [2] is disposed of as follows:

2. Plaintiffs' Leave to File Surreply (docket No. 687) is **GRANTED.** *See also,* Defendants' Opposition to Request For Leave... (docket No. 688) and Plaintiffs' Reply to Opposition to Request For Leave... (docket No. 690).

1. The request for set-off of the amounts awarded to plaintiffs RUIZ TROCHE and CINTRON GALARZA due to their alleged acceptance of the liabilities of the estate of their son JULIO ELVIN RUIZ CINTRON is **DENIED.**

2. The request to amend the judgment to reduce the amounts awarded to RUIZ TROCHE and CINTRON in accordance with the percentage of comparative negligence assigned to their son JULIO EL-VIN RUIZ CINTRON is **GRANTED.** Amended judgment to issue.

IT IS SO ORDERED.